1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                                  EASTERN DISTRICT OF CALIFORNIA

10

11    EDWARD LEWIS,                                    No. 2:21-cv-02367-TLN-JDP

12                       Plaintiff,

13           v.                                        **ORDER**

14    FORD MOTOR COMPANY,

15                       Defendant.

16

17           This matter is before the Court on Defendant Ford Motor Company's ("Defendant" or

18    "FMC") Motion to Dismiss.  (ECF No. 8.)  Plaintiff Edward Lewis ("Plaintiff") filed an

19    opposition.  (ECF No. 10.)  Defendant filed a reply.  (ECF No. 12.)  For the reasons set forth

20    below, the Court DENIES Defendant's motion.

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

                                                     1

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On or about February 18, 2018, Plaintiff entered a warranty contract with Defendant regarding a 2018 Ford Fusion (the "vehicle").  (ECF No. 1 at 3.)  Plaintiff alleges the vehicle had defects with the "electrical system, transmission, and/or engine."  (*Id.* at 4.)  Plaintiff alleges he discovered Defendants' wrongful conduct in February 2021, as the vehicle continued to exhibit symptoms of defects following Defendant's unsuccessful attempts to repair them.  (*Id.* at ¶ 11.)

Plaintiff filed the operative Complaint on December 20, 2021, alleging the following claims: (1) violation of California Civil Code § 1793.2(d); (2) violation of California Civil Code § 1793.2(b); (3) violation of California Civil Code § 1793.2(a)(3); (4) breach of the implied warranty of merchantability; (5) violation of the Magnuson-Moss Warranty Act; and (6) fraudulent inducement — concealment.  (*Id.* at 7–16.)  On January 31, 2022, Defendant filed the instant motion to dismiss, in which it seeks dismissal only of Claim Six.  (ECF No. 8.)

## II.     STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).  "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

1    relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

2         Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

3    factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

4    While Rule 8(a) does not require detailed factual allegations, "it demands more than an

5    unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A

6    pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

7    elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

8    ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

9    statements, do not suffice."). Thus, "[c]onclusory allegations of law and unwarranted inferences

10    are insufficient to defeat a motion to dismiss" for failure to state a claim. *Adams v. Johnson*, 355

11    F.3d 1179, 1183 (9th Cir. 2004) (citations omitted).  Moreover, it is inappropriate to assume the

12    plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws

13    in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State*

14    *Council of Carpenters*, 459 U.S. 519, 526 (1983).

15         Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough

16    facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim

17    has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

18    reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

19    680.  While the plausibility requirement is not akin to a probability requirement, it demands more

20    than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  This plausibility

21    inquiry is "a context-specific task that requires the reviewing court to draw on its judicial

22    experience and common sense." *Id.* at 679.  Thus, only where a plaintiff fails to "nudge [his or

23    her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly

24    dismissed. *Id.* at 680 (internal quotations omitted).

25         If a complaint fails to state a plausible claim, "'[a] district court should grant leave to

26    amend even if no request to amend the pleading was made, unless it determines that the pleading

27    could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122,

28    1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995));

*see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile).

### III.   ANALYSIS

Defendant argues the Court should dismiss Claim Six (fraudulent inducement — concealment) for two reasons: (1) the Complaint does not plead fraud with particularity as required by Rule 9(b); and (2) the economic loss rule bars the claim.  (ECF No. 8-1 at 6.) Defendant also seeks to dismiss Plaintiff's request for punitive damages as those damages are only recoverable pursuant to a viable fraud claim.  (*Id.*)  The Court will address Defendant's arguments in turn.

#### A.   Rule 9(b)

A claim grounded in fraud "must state with particularity the circumstances constituting fraud . . .."  Fed. R. Civ. P. 9(b).  A court may dismiss a claim for failing to satisfy Rule 9(b)'s heightened pleading requirements.  *See Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).  Under this heightened pleading standard, a party must "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false."  *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1019 (9th Cir. 2020) (quoting *Davidson v. Kimberly–Clark*, 889 F.3d 956, 964 (9th Cir. 2018)).  The complaint must contain enough detail to put a defendant on notice of the alleged misconduct so they may "defend against the charge and not just deny that they have done anything wrong."  *Vess*, 317 F.3d at 1106.  "[C]laims based on an omission can succeed without the same level of specificity required by a normal fraud claim."  *Miller v. Ford Motor Co.*, No. 2:20-CV-01796-TLN-CKD, 2022 WL 3229503, at *13 (E.D. Cal. Aug. 10, 2022) (citation and internal quotation marks omitted).

In Claim Six, Plaintiff alleges Defendant committed fraud by selling Plaintiff the vehicle without disclosing that the "transmission was defective and susceptible to sudden and premature failure."  (ECF No. 1 at ¶ 69.)  Plaintiff alleges Defendant "was well aware and knew that the transmission . . . was defective but failed to disclose this fact to Plaintiffs at the time of sale and thereafter."  (*Id.* at ¶ 70.)  Plaintiff alleges Defendant "knew (or should have known) that the

transmission had one or more defects that can result in various problems, including . . . hesitation upon acceleration, harsh shifting, delay upon shifting, slamming into gear, and transmission failure[, which] . . . present a safety hazard and are unreasonably dangerous to consumers because they can suddenly and unexpectedly affect the driver's ability to control the vehicle's speed, acceleration, deceleration and/or overall responsiveness of the vehicle in various driving conditions." (*Id.* at ¶ 71.)  Plaintiff alleges Defendant knew of the transmission defect based on "pre-production and post-production testing data, early consumer complaints about the transmission defect made directly to FMC and its network of dealers, aggregate warranty data compiled from FMC's network of dealers, testing conducted by FMC in response to these complaints, as well as warranty repair and part replacements data received by FMC from FMC's network of dealers, amongst other sources of internal information." (*Id.* at ¶ 79.)  Plaintiff alleges he would not have purchased the vehicle had he known the true facts about the transmission defect. (*Id.* at ¶ 80.)  Lastly, Plaintiff alleges he suffered actual damages and was unknowingly exposed to the risk of liability, accident, or injury to third parties because of Defendant's fraudulent conduct. (*Id.*)

Defendant argues these allegations are insufficient because Plaintiff "merely describes alleged performance problems with the vehicle and does not amount to identifying the defect that FMC failed allegedly to disclose." (ECF No. 8-1 at 9.)  Additionally, Defendant argues that Plaintiff failed "to plead that FMC was under a duty to disclose any alleged and unspecified defect to the general public." (*Id.* at 10.)  In opposition, Plaintiff argues Claim Six is well-plead because the transmission defect is a material fact, Defendant is under a duty to disclose material facts, and the claim contains sufficient particularity under Rule 9(b). (ECF No. 10 at 7–16.)

The Court concludes that Plaintiff satisfies Rule 9(b)'s heightened standard, especially "given the inherent limitations of an omission claim." *Miller*, 2022 WL 3229503, at *13. Plaintiff alleges the "who" (Ford Motor Company), "what" (concealing material facts regarding the vehicle's defective transmission), "when" (at the time of sale and thereafter), "where" (at FMC's authorized dealership and repair facilities), and "how" (knowing of the defect based on production testing data, early consumer complaints made directly to FMC and its network of

dealers, aggregate warranty data compiled from FMC's network of dealers, testing conducted by FMC, as well as warranty repair and part replacements data received by FMC from FMC's network of dealers and breaching its duty to disclose by concealing a defect that posed an unreasonable safety risk).  (ECF No. 1 at 13–14.)  Each allegation sufficiently supports Plaintiff's claim of fraud by omission in accordance with Rule 9(b)'s heightened pleading standard by stating the claim with enough particularity to allow Defendant to defend against the claim.  *See Scherer v. FCA US, LLC*, 565 F. Supp. 3d 1184, 1190 (S.D. Cal. 2021) (concluding that although the plaintiff did not detail the "granular defect" within the transmission, plaintiff's allegations identifying the transmission as the defect and describing the performance problems provided enough particularity at the pleading stage, especially considering that the defendant has internal knowledge about its products).

As to Defendant's argument that Plaintiff failed to properly allege FMC was under a duty to disclose the defective transmission, the Court disagrees.  In the instant case, Plaintiff alleges Defendant failed to disclose a known safety risk and had exclusive knowledge of the safety risk, which is a material fact requiring disclosure.  (ECF No. 1 at 13–15.)  Under California law, a manufacturer has the duty to disclose any unreasonable safety hazard.  *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141 (9th Cir. 2012) (collecting cases); *see also Hastings v. Ford Motor Company*, No. 19-cv-02217-BAS-MDD, 2020 WL 12688367, at *3 (S.D. Cal. Oct. 2, 2020) ("Under California law, manufacturers hold a duty to disclose an unreasonable safety risk in a product.") (internal citations omitted).  A safety hazard becomes unreasonable when "the defect manifests without adequate warning to prevent a vehicle occupant from being placed in danger." *Miller*, 2022 WL 3229503, at *15.  However, the plaintiff need not suffer actual injury from the defect.  *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1028 (9th Cir. 2017).  A plaintiff, as does Plaintiff in this case, need only allege a "sufficiently close nexus" between the defect and the safety issue.  *Id.*  Plaintiff properly alleged both that the transmission defect presented a safety risk (loss of control of the vehicle), and the safety risk was unreasonably dangerous to consumers. (ECF No. 1 at 13.)  Accordingly, the Court finds Plaintiff pleaded sufficient facts that Defendant had a duty to disclose.

1                        B.      Economic Loss Rule

2              Lastly, Defendant argues Claim Six is barred by the economic loss rule.  (ECF No. 8-1 at

3     13.)  In opposition, Plaintiff argues the economic loss rule does not apply to its fraudulent

4     inducement claim.  (ECF No. 10 at 16–23.)

5              The economic loss rule states that a party to a contract cannot recover "purely economic

6     loss" in tort, "unless he can demonstrate harm above and beyond a broken contractual promise."

7     *Rattagan v. Uber Techs., Inc.*, 19 F.4th 1188, 1191 (9th Cir. 2021) (internal citations and

8     quotations omitted).  The California Supreme Court set forth an exception to the economic loss

9     rule when "the duty that gives rise to tort liability is either completely independent of the contract

10    or arises from conduct which is both intentional and intended to harm."  *Robinson Helicopter Co.*

11    *v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004) (quoting *see Erlich v. Menezes*, 21 Cal. 4th 543, 552

12    (1999)).  Several courts have found that fraudulent inducement is an exception to the economic

13    loss rule.  *Id.* at 989–90 ("Tort damages have been permitted in contract cases . . . where the

14    contract was fraudulently induced.") (citing *Erlich*, 21 Cal. 4th at 551–52; *Dhital v. Nissan North*

15    *Am., Inc.*, 84 Cal. App. 5th 828, 843 (2022) ("[W]e conclude that, under California law, the

16    economic loss rule does not bar plaintiffs' claim here for fraudulent inducement by

17    concealment"); *Kroutilin v. FCA US, LLC*, No. 822CV00929FWSDFM, 2022 WL 18278602, at

18    *5 (C.D. Cal. Dec. 7, 2022) ("[B]ased on the existing persuasive authority, the court finds that

19    Plaintiff's sixth cause of action for fraudulent inducement — concealment is not barred by the

20    economic loss rule.") (citing *Dhital*, 84 Cal. App. 5th 828); *Flier v. FCA US LLC*, No. 21-CV-

21    02553-CRB, 2022 WL 16823042, at *6–7 (N.D. Cal. Nov. 8, 2022) (same); *Scherer v. FCA US,*

22    *LLC*, 565 F. Supp. 3d 1184, 1193 (S.D. Cal. 2021) (same).  The Court agrees with these well-

23    reasoned decisions and concludes the economic loss rule does not bar Plaintiff's claim.

24            Accordingly, the Court DENIES Defendant's motion to dismiss Claim Six and DENIES

25    Defendant's derivative request to strike Plaintiff's prayer for punitive damages.

26    ///

27    ///

28    ///

                                                        7

**IV.   CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss.  (ECF No. 8.)  Defendant shall file an answer not later than twenty-one (21) days from the electronic filing date of this Order.

IT IS SO ORDERED.

**DATE:  February 7, 2023**

Troy L. Nunley
United States District Judge